**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JANET CIMON,

    Plaintiff,

v.                                                                          Case No.  3:04-cv-519-J-25MMH

TNT LOGISTICS NORTH AMERICA,
INC., and FRED L. GRIFFITHS,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff Janet Cimon's Motion to Compel Defendant TNT to Respond to Plaintiff's Second, Third, and Fourth Requests for Production and to Supplement Its Response to Plaintiff's First Request for Production (Dkt. No. 29; Motion to Compel), filed on April 18, 2005.  In the Motion to Compel, Plaintiff seeks to compel production of responses and documents to her Second, Third, and Fourth Requests for Production of Documents, which were served on January 28, 2005, February 8, 2005, and February 22, 2005, respectively.  See id. at 1, 9.  In addition, she asks the Court to require Defendants to serve a supplemental response to her First Request for Production of Documents.  See id. at 1.  Finally, Plaintiff seeks permission to redepose witnesses, after the discovery deadline of May 2, 2005, if necessary, once her review of the documents is complete.  See id. at 14-15.

Defendants responded to the Motion to Compel on April 28, 2005.  See Defendants' Response to Plaintiff's Motion to Compel Defendant TNT to Respond to Plaintiff's Second,

Third and Fourth Requests for Production and to Supplement Its Response to Plaintiff's First Request for Production (Dkt. No. 31; Response). In the Response, Defendants inform the Court that they produced documents responsive to Plaintiff's Third and Fourth Requests for Production of Documents on April 27, 2005, as well as additional documents, which could arguably be found responsive to Plaintiff's First Request for Production of Documents, at the deposition of Plaintiff. See id. at 1-2. They also represent that they will produce documents responsive to Plaintiff's Second Request for Production of Documents on April 28, 2005 and May 2, 2005. See id. at 1. Defendants further agree to allow Plaintiff to redepose certain individuals "provided that such documents reveal the necessity to re-depose these witnesses." Id. at 2. While Plaintiff asserts that Defendants did not serve written responses to the discovery requests at issue, see Motion to Compel at 12, Defendants do not address in their Response whether such written responses have been provided, see Response at 1-2.

Upon due consideration, it is hereby **ORDERED**:

1. Plaintiff Janet Cimon's Motion to Compel Defendant TNT to Respond to Plaintiff's Second, Third, and Fourth Requests for Production and to Supplement Its Response to Plaintiff's First Request for Production (Dkt. No. 29) is **GRANTED**, as follows:

   a. Defendants shall produce the documents responsive to Plaintiff's Second, Third, and Fourth Requests for Production of Documents as agreed in the Response.

b. Defendants shall also, **no later than May 4, 2005**, provide written responses to Plaintiff's Second, Third, and Fourth Requests for Production of Documents, if they have not already done so.

c. To the extent that Defendants' written response to Plaintiff's First Request for Production of Documents is no longer accurate, Defendants shall serve a supplemental response to this discovery **no later than May 4, 2005**, if they have not already done so.

d. If, upon review of the documents produced in response to Plaintiff's Second, Third, and Fourth Requests for Production of Documents, Plaintiff determines that it is necessary to redepose certain witnesses, she shall be permitted to do so.[1] However, Plaintiff shall conduct these depositions **no later than May 10, 2005**. The subject matter of any such deposition shall be limited to issues relating to the tardily produced documents, unless otherwise agreed to by the parties.

---

[1] In the Motion to Compel, Plaintiff seems to contemplate that she may also need to depose individuals not previously deposed based upon her review of the documents. See Motion to Compel at 14-15. At this time, the Court will only allow Plaintiff to take additional depositions of individuals who have already been deposed. However, if Plaintiff deems it necessary, upon review of the documents, to take depositions of individuals not previously deposed, she shall confer with Defendants and attempt to reach an agreement. If the parties are unable to agree, Plaintiff shall promptly file a motion for leave to take such depositions after the close of discovery.

2. Otherwise, Plaintiff Janet Cimon's Motion to Compel Defendant TNT to Respond to Plaintiff's Second, Third, and Fourth Requests for Production and to Supplement Its Response to Plaintiff's First Request for Production (Dkt. No. 29) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2005.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States Magistrate Judge

Copies to:

Counsel of Record
Pro Se Parties